In the Matter of the Claim of Delvan D. Rhodes, Respondent, against G. H. Crandall Co. et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, October 19, 1957.

*La Verne G. Lewis* for appellants.

*Carter & Conboy* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

452

*Per Curiam.* Claimant was injured in an industrial accident in August, 1952 when he was 78 years of age and the case reaches us for adjudication on appeal five years later at the September, 1957 Term when claimant is 83 years old.

Workmen's compensation claims are intended to be adjudicated promptly as well as inexpensively. The case before us involves an uncomplicated and rather narrow question of law whether or not claimant was in employment when he sustained the industrial accident.

A portion of the delay in the decision of the case seems attributable to claimant who first appeared to testify in the proceeding in July, 1954, almost two years after the accident. The case was closed before the referee in December, 1954 and it was decided by him March 7, 1955 by dismissing the claim. On appeal, the board in August, 1955 reversed this determination and returned the claim to the referee's calendar where an award was made to claimant in December, 1955. An appeal to this court was taken December 23, 1955; but findings of fact were not made until August 9, 1956, over eight months later, and the record was not certified until February, 1957, involving a delay of an additional six months. The case was not placed on the calendar of this court until the summer of 1957.

We realize, of course, that the great mass of workmen's compensation claims are very quickly decided; that only a relatively few are reviewed by the board on appeal to it, and a still smaller proportion reach this court. But we regard the delay of 23 months from the time the award was made in December, 1955 to the time the case reached this court in September, 1957 in the case of an 83-year-old claimant, injured five years earlier, as an undue protraction of the appeal process.

It ought not require eight months to prepare formal findings; another six months to get the record on appeal in shape; and another seven months to get the case on the calendar. With reasonable diligence the case ought to have been on our calendar by the May Term of 1956, instead of the September Term of 1957.

On the merits we think the award should be affirmed. Claimant's injury was sustained while making a delivery of lumber in the appellant employer's lumber business, using the employer's truck. The claimant was not on the employer's payroll, but he had worked from time to time previously, submitting "a bill" for his work.

He was expressly requested by employer's foreman to make deliveries on the day of the accident. No money wage was agreed on, but the employer's president testified that claimant

had used storage facilities of the employer for a business enterprise of his own and that it was understood that the work he did for employer was in consideration of this use of a facility. This was a thing of value. It comes within the statutory definition of " Wages " (Workmen's Compensation Law, § 2, subd. 9).

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, COON, HALPERN and GIBSON, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.